**Karen M. GUNN, Plaintiff–Appellant,**

v.

**NORTHWEST AIRLINES, INCORPORATED Defendant–Appellee.**

No. 01–56–5.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2003.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

## OPINION

PER CURIAM.

Plaintiff–Appellant Karen M. Gunn appeals the amount of damages awarded to her both by a jury and by a post-verdict order of the district court in an action against her employer, Defendant–Appellee Northwest Airlines ("Northwest"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2002). After finding Gunn had proven her claim against Northwest of a sexually hostile work environment by a preponderance of the evidence, a jury sitting in the United States District Court for the Western District of Tennessee, Western Division awarded her $6,637.99 for reimbursement of medical costs. The jury was instructed to refrain from consideration of any award for backpay and denied Gunn any award of compensatory damages.

The district court then referred all reserved damage issues to Magistrate Judge James H. Allen (the "Magistrate Judge"), who recommended that Gunn receive attorney fees and expenses, but no award of backpay or front pay. The district court reviewed the Report and Recommendation of the Magistrate Judge and subsequently entered an Order Affirming in Part and Denying in Part Magistrate Judge's Report and Recommendation. That Order awarded Gunn attorney fees and expenses which substantially exceeded those recommended by the Magistrate Judge, but adopted the Magistrate Judge's recommendation to deny any award for backpay or front pay. Gunn argues that: (1) the jury's failure to award compensatory damages for emotional pain and suffering is inherently inconsistent with its finding that Northwest was liable for the costs of her mental health treatment; (2) the district court erred as a matter of law in referring the issues of equitable relief to the Magistrate Judge for recommendation; and (3) the district court erred in denying Gunn's claim for equitable relief despite the jury's favorable verdict.

After careful review of the record, all applicable law, the briefs of the parties, and oral argument by counsel, we conclude that the district court's verdict and Order

should be affirmed. As the verdict is supported by the evidence and the Order properly states the relevant principles of law and properly applies them to the facts of this case, no useful purpose would be served by issuing a full opinion. Accordingly, we AFFIRM on the basis of the district court's well-reasoned Order.